UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07 CR 358 CDP |
| ) | |
| DERRICK WALLER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Derrick Waller filed a *pro se* motion for reduction of his sentence under § 404 of the First Step Act of 2018, Pub. Law 115-756, 132 Stat. 5194, and appointed counsel has filed an amended motion. The United States recognizes that Waller is eligible for a reduction of his sentence under the First Step Act, but opposes the reduction because Waller is serving a term of imprisonment imposed in January of 2020 for violations of his supervised release.

In 2007 Waller was sentenced to 188 months' imprisonment and four years of supervised release following his conviction for possession with intent to distribute slightly under 15 grams of crack cocaine. At the time he committed the crime in this case Waller had been on supervised release in another federal crack cocaine case, and so this sentence was ordered to run concurrently with the supervised release revocation sentence in the earlier case, Case No. 4:01CR399

JCH.  Waller qualified as a career offender in the new case based on the prior federal conviction and on state convictions for sale of a controlled substance near a public housing facility and tampering with a motor vehicle.  On October 26, 2016 President Obama entered an Executive Grant of Clemency ordering his release on December 28, 2016, and leaving intact his four year term of supervised release.  He began supervised release in this case on December 28, 2016.

The First Step Act had the effect of reducing Waller's career offender guidelines so that his original sentencing range of 188 to 235 months was reduced to 151 to 188 months.  It also reduced his maximum term of supervision from four years to three years.  As the United States and the United States Probation Office concede, he is eligible for relief under the First Step Act.  Had the First Step Act been passed while Waller was still incarcerated on the 2007 judgment in this case, I would have reduced his sentence to 151 months' imprisonment and to three years of supervised release.

As stated above, Waller began his four-year term of supervised release on December 28, 2016, and it was scheduled to expire on December 28, 2020.[1]  Waller had multiple problems on supervision, including an arrest for possessing a

---

[1] Waller's term of supervision was tolled from November 9, 2017 to April 3, 2018 because he was being held in custody on a prior supervised release petition (which was ultimately dismissed).  This resulted in the date Waller's supervised release was actually scheduled to expire to be April 20, 2021.

firearm, which was not prosecuted as a new crime and for which a supervised release petition was dismissed.  His other violations of supervision mostly involved substance abuse, failing to engage in treatment, and traffic offenses including driving while intoxicated.  He also had periods of good conduct, when he was sober and working.  On December 3, 2019, however, he was stopped for a traffic violation and found to be in possession of ecstasy.  I revoked his supervised release and sentenced him to an additional term of 18 months' imprisonment, with no further supervised release.  He has now served almost five months of that term of imprisonment.

The United States urges me to deny the motion because the term of imprisonment that Waller is now serving was imposed based on his his recent supervised release violations.  The government also points out the seriousness of defendant's criminal history.

Defendant argues that his original sentence was excessive, especially compared to the many cases where judges are now varying from the career offender guidelines.  At the time Waller was originally sentenced, our Court of Appeals precedent imposed very strict requirements for a downward variance from the sentencing guidelines, which is no longer the case.  Defense counsel also argues that the five months imprisonment defendant has already served on the supervised release violation is sufficient, especially given the current Covid 19

pandemic and the danger to inmates living in confined spaces.  Defendant is not seeking compassionate release, but rather is arguing that this is one factor I should consider in exercising my discretion in deciding whether to reduce his sentence under the First Step Act.  Counsel also argues that defendant can live with his sister, with whom he lived while previously on location monitoring and that he will comply with all Covid-related stay-at-home and social distancing orders.

Although I am concerned with defendant's behavior on supervised release, at this point in time I do not believe that any of the factors under 18 U.S.C. § 3553(a) are met by further confinement.  Defendant received the unusual benefit of Executive Clemency, but he nevertheless was sentenced to approximately three years longer than he would have had the First Step Act been passed while he was in jail.  He has previously shown that he is capable of conforming to the norms of society, including remaining drug free and maintaining good employment for periods of time while on supervised release.  The quantity of drugs on which this case was based are not nearly as great as the quantity distributed by many defendants who are currently sentenced to far less time.  Waller's childhood history of being raised by a drug-addicted parent who herself sold drugs is a factor that I would now normally consider in deciding whether to vary from the guidelines.  Waller has a history of asthma and the current pandemic poses serious risks to him as well as to all persons confined with others in close quarters.  While

4

I recognize that the concerns raised by defendant about the Covid pandemic could apply to many prisoners, I believe that under the circumstances of *this* case the time defendant has already served has provided sufficient punishment, deterrence and incapacitation, and that remaining in prison at this time poses unusual health risks so that Waller's resentencing to time served is sufficient to meet the sentencing objectives.  I will therefore reduce defendant's sentence to time served.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of Derrick Waller for relief under the First Step Act [83, 85] are granted, and defendant's sentence of imprisonment is reduced to time served.

An amended Judgment in accordance with this Order is entered today.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2020.

5